UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THOMAS L. ALTIMAS, et al.,

    Plaintiffs,

-vs-                                                     Case No.: 2:09-cv-682-FtM-99SPC

RUSSELL WHITNEY, et al.,

    Defendants.
_____/

## ORDER

    This matter comes before the Court on Defendant, National Credit Union Administration Board, in its Capacity as Liquidating Agent for Huron River Area Credit Union's, Motion to Compel Discovery Directed to Plaintiff, Orris Rodahl (Doc. # 257) filed on August 20, 2012. Defendant seeks an Order compelling Plaintiff, Orris Rodahl, to provide complete answers to Defendant's Interrogatories and copies of documents responsive to Defendant's Request for Production of Documents, that were served upon Plaintiff on June 15, 2012. (Doc. # 257, p. 2). Pursuant to M.D. Fla. Local Rule 3.01(g), Defendant certifies that it was unable to "make a reasonable effort to confer with Plaintiff in a good faith effort to resolve by agreement the relief and issues raised herein in that Plaintiff's counsel has withdrawn, and neither opposing counsel's Motion for Leave to Withdraw, nor the Order granting the Motion for Leave to Withdraw, sets forth the telephone number and/or the email address of the Plaintiff." (Doc. # 257, p. 2–3).

    Under the Local Rules of this District, a movant must first confer with the opposing party to determine whether or not the requested relief is opposed. The Local Rule reads in pertinent part:

> [b]efore filing any motion in a civil case, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion. *A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer. The moving party retains the duty to contact opposing counsel expeditiously after filing and to supplement the motion promptly with a statement certifying whether or to what extent the parties have resolved the issue(s) presented in the motion.*

M.D. Fla. Local Rule 3.01(g) (emphasis added). The Rule states clearly that a "certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer." Thus, Local Rule 3.01(g) imposes a mandatory requirement that counsel confer with opposing counsel *prior* to filing its motion with this Court. This is not a permissive requirement and is more than simply trying to contact opposing counsel.

Defendant asserts that it was unable to make a reasonable effort due to the absence of a telephone number and/or email address for Orris Rodahl in the Motion for Leave to Withdraw or the Order granting the Motion for Leave to Withdraw. (Doc. # 257, p. 2–3). However, Plaintiff Orris Rodahl's physical address was available to the Defendant, and with such availability, the Defendant was obligated to send physical correspondence to Orris Rodahl prior to filing its Motion with this Court in order to comply with the obligations imposed by Local Rule 3.01(g). Orris Rodahl's physical address, as listed on the main docket page, is 11555 Lower Gull Lake Dr., Brainerd, MN 54601. In the absence of compliance with Local Rule 3.01(g), this Court must deny Defendant's Motion to Compel without prejudice. In the future, failure to comply with the Court's Local Rules will result in the denial of the Motion without further consideration.

Regarding the Motion to Compel, the Federal Rules state that, "[t]he party upon whom the request [for production] is served shall serve a written response within 30 days after the service of the request." Fed. R. Civ. P. 34(b).  Likewise, a party upon whom interrogatories have been served has 30 days to respond either by filing answers or objections to the propounded interrogatories. Fed. R. Civ. P. 33(b).  If the serving party does not receive a response to their interrogatories and request for production, then the serving party may request an order compelling disclosure. Fed. R. Civ. P. 37(a). Whether or not to grant the motion to compel is at the discretion of the trial court. Commercial Union Insurance Co. v. Westrope, 730 F.2d 729, 731 (11th Cir. 1984).

The Plaintiff was represented by counsel when the discovery requests were served on June 15, 2012.  The responses were due by July 15, 2012.  The Plaintiff's counsel was given leave to withdraw on August 20, 2012. (Doc. # 256).  Thus, the Plaintiff was represented by counsel when his responses to the discovery were due.  The Plaintiff knew the discovery was due and failed to respond to the requests.  As such, the Motion to Compel is due to be granted.

In addition to the Motion to Compel answers to the interrogatories and requests for production of documents, the Defendant also moves for sanctions for fees and costs for bringing the instant Motion pursuant to Fed. R. Civ. P. 37(a)(4)(A). Under Rule 37, the Court may deny a request for expenses "if it determines that opposition to the motion was substantially justified or that other circumstances would make an award of expense[s] unjust." Reedy v. Lull Engineering Co., Inc., 137 F.R.D. 405, 409 (M.D. Fla. 1991).  At this point in the proceedings, the Court does not find just cause that would require the Court to impose attorney's fees and sanctions. The Defendant failed to confer with the Plaintiff prior to bringing the instant Motion, therefore there was no attempt to confer and possibly eliminate the need to file the Motion.

Accordingly, it is now **ORDERED:**

(1) Defendant, National Credit Union Administration Board's Motion to Compel (Doc. # 257) is **GRANTED.** The Plaintiff, Orris Rodahl has up to and including **October 1, 2012,** to file answers to the interrogatories and produce the requested production in compliance with the Federal and Local Rules of Civil Procedure.

(2) Defendant, National Credit Union Administration Board's Motion for Attorney's Fees and Costs for bringing the Motion is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this  10th  day of September, 2012.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:
Counsel of Record