UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**THOMAS L. ALTIMAS, LISE GIRARD, JOHN BURTON, JOANNE BURTON, WILLIAM P. CONLEN, SHARON K. GATES, SAMUEL H. KINGSBURY, MARCIA P. COX, GARRY KUHN, NANCY MILLER, WILLIAM G. SMITH, JUDITH SMITH, ORRIS A. RODAHL, FUE R. VANG, CHONNIE VANG, JASON WAVRA, MICHELE WAVRA, JOHN WAVRA, GALE WAVRA, PAUL WUENSTEL and KARA WUENSTEL,**

      Plaintiffs,

v.                                                                                     Case No:  2:09-cv-682-FtM-99SPC

**MICHAEL O. KANE, KANE PROPERTIES, INC., HOT APPRAISALS, LLC, ASHLEY SEIBERT, THE CONSTRUCTION LOAN COMPANY, INC., NATIONAL CREDIT UNION ADMINISTRATION BOARD and OHK, LLC,**

      Defendants.
_____/

## ORDER

This matter comes before the Court on the Defendant, National Credit Union Administration Board (NCUA), in Its Capacity as Liquidating Agent for Huron River Area Credit Union's Motion to Compel Discovery Directed to Plaintiffs  (Doc. #259) filed on August 24, 2012.  The Plaintiffs, Thomas Altimas, Lise Girard, John and Joanne Burton, William Conlen and Sharon Gates, William and Judy Smith, Jason and Michele Wavra, and Gale Wavra filed

their Response to the Memorandum in Response (Doc. # 262) on September 11, 2012.[1] The Plaintiffs Fue and Chonnie Vang did not respond to the Motion and the time to do so has expired. Thus, the Motion is fully briefed and ripe for the Court's review.

On June 15, 2012, the NCUA served its First Set of Interrogatories (the "Interrogatories") upon Plaintiffs. On June 15, 2012, the NCUA also served its First Request for Production of Documents upon Plaintiffs. The First Request for Production of Documents and the Interrogatories directed to each of the Plaintiffs are virtually identical. However, to date the Plaintiffs have completely failed to respond to the outstanding discovery referenced above, or move for enlargement of time to do so, within the time provided by the Federal Rules of Civil Procedure.

The Plaintiffs Responded that Counsel is working with the remaining Plaintiffs in finalizing the answers and responses to the NCUA's written discovery. Plaintiffs acknowledge that the NCUA is entitled to the written discovery and would respectfully request that the Court enter an order requiring the documents and answers be served upon the NCUA's counsel within ten (10) days of the Order. While the undersigned believes that some of the answers and documents can be served before the expiration of the requested ten (10) days, the undersigned also will be out of town at his stepson's wedding for much of the next seven (7) days. Since the Plaintiff's acknowledge that the written discovery is due to be produced the Court will grant the Motion to Compel and direct that the materials be produced within the ten (10) days requested by the Plaintiffs' Counsel.

The NCUA also moves the Court to Compel the depositions of the remaining Plaintiffs. Regarding the depositions of the remaining Plaintiffs, the NCUA says on June 22, 2012, NCUA's counsel sent an email to Plaintiffs' counsel requesting that he provide dates when Plaintiffs and

---

[1] The NCUA previously filed a Motion to Compel Discovery directed to Orris A. Rodahl so he is not included in this Motion.

opposing counsel were available for the Plaintiffs' depositions. Not having been provided with deposition dates, on July 11, 2012, the NCUA served a Notice of Taking Depositions upon Plaintiffs. While opposing counsel informed undersigned counsel that the Plaintiffs would not appear for their depositions as scheduled in the NCUA's Notice of Taking Depositions, undersigned counsel was not provided with alternate dates for the depositions. As of the date of this Motion, undersigned counsel has still not been provided with dates for the Plaintiffs' depositions.

The NCUA wants the Plaintiffs to appear in person in Fort Myers, Florida. In their Response, Plaintiffs request that the depositions be conducted via telephone. As grounds for the telephonic depositions, the Plaintiffs state the depositions requested can easily be taken by telephone and thereby avoid the great expense to the remaining Plaintiffs of having to fly to Florida and pay for lodging in Florida for what is probably a one to two hour deposition. The remaining Plaintiffs are from California (John and Joanne Burton, William and Judy Smith, Jason and Michele Wavra, Gale Wavra), Arizona (Thomas Altimas and Lise Girard), and Michigan (William Conlen and Sharon Gates).

It appears from the Motion to Compel that the NCUA's demand for in person depositions stems from the lack of cooperation in getting the Plaintiffs to agree to dates for the various depositions. Thus, with the Court compelling the depositions, there is now good cause to allow the depositions to be taken via telephone given that the Plaintiffs are scattered all over the nation. The Court will compel the depositions but allow them to be taken via telephone. However, the depositions must be scheduled and taken within the next sixty (60) days. Failure to comply with the Court's time line on taking the depositions will result in the Court requiring the Plaintiffs to appear in person in Fort Myers, Florida for the deposition.

The Plaintiffs Fue and Chonnie Vang did not respond to the Motion and have been out of contact with their attorneys. The Court has recently relieved the law firm of Conwell and

3

Kirkpatrick because the Vangs had refused to make contact with their attorneys. As such the Vangs are responsible for contacting the NCUA and setting a time for their deposition to be taken telephonically unless they retain new counsel in which case the new counsel must contact the NCUA and establish a time for the telephonic deposition. Additionally, the Vangs must produce the documents requested by the NCUA in their discovery and fully and completely answer the interrogatories propounded by the NCUA. Failure by the Vangs to participate in the discovery process may result in sanctions which may include dismissal of their case for failure to prosecute.

In addition to the Motion to Compel answers to the interrogatories, requests for production of documents, and the Plaintiffs' depositions, the NCUA also moves for sanctions pursuant to Fed. R. Civ. P. 37(a)(4)(A). Under Rule 37, the Court may deny a request for expenses "if it determines that opposition to the motion was substantially justified or that other circumstances would make an award of expense[s] unjust." Reedy v. Lull Engineering Co., Inc., 137 F.R.D. 405, 409 (M.D. Fla. 1991). At this point in the proceedings, the Court does not find just cause that would require the Court to impose attorney's fees and sanctions.

Accordingly, it is now

**ORDERED:**

The Defendant, National Credit Union Administration Board, in Its Capacity as Liquidating Agent for Huron River Area Credit Union's Motion to Compel Discovery Directed to Plaintiffs (Doc. #259) is **GRANTED**.

(1) The Plaintiffs have up and including **September 28, 2012**, to provide full and complete answers to the NCUA's Interrogatories and produce all of the requested documents.

(2) The Plaintiffs have up to and including **November 17, 2012**, to schedule and complete their depositions via telephone. Should a Plaintiff fail to cooperate in completing their deposition on or before November 13, 2012, the Court will allow the NCUA leave to move the Court to compel the deposition in Fort Myers, Florida.

(3) The Plaintiffs, Fue and Chonnie Vang have up to and including **September 28, 2012**, to answer the interrogatories and produce the requested documents requested in the NCUA discovery.

(4) The Plaintiffs, Fue and Chonnie Vang have up to and including **November 17, 2012**, to schedule and complete their depositions via telephone. Should they fail to cooperate in completing their deposition on or before November 17, 2012, the Court will allow the NCUA leave to move the Court to compel the Vangs deposition in Fort Myers, Florida.

(5) The NCUA's Motion for Attorney's Fees and Costs for bringing the Motion is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 17th day of September, 2012.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record